1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company, | CASE NO.  CV13-06195-JAK (PLAx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| DRIVEN SPORTS, INC., a New York Corporation; SPORTS NUTRITION RESEARCH, LTD., a New York Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

1

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Stipulated Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to limited information and items that are entitled to confidential treatment under the applicable legal principles.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.  This Protective Order is specific to the facts and circumstances of this litigation and the provisions of this Protective Order shall not be applied against any party in any other litigation for purposes of arguing the appropriateness of the provisions of this Protective Order to any other litigation.

In support of this Order, the Court finds that:

1.    Materials, documents, and information containing confidential and/or personal employee data or information, proprietary technical, product, sales, marketing, financial, client/customer data, or other business information, and other sensitive information and/or trade secrets ("Proprietary Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation.

**[PROPOSED] PROTECTIVE ORDER**

2.     It is expected that the parties and/or third parties may assert that public dissemination and disclosure of Proprietary Information could severely injure or damage the party disclosing or producing the Proprietary Information and could place that party at a competitive disadvantage.  To protect the respective interests of the parties and third-parties, and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue:

IT IS THEREFORE ORDERED THAT:

3.     A  party  producing  discovery  materials  may  designate  as "CONFIDENTIAL" any information that it in good faith believes embodies Proprietary Information.  Additionally, the party producing discovery materials may designate as "HIGHLY  CONFIDENTIAL–  OUTSIDE  ATTORNEYS'  EYES  ONLY"  any information that it in good faith believes embodies a trade secret or is information that gives one party a competitive advantage in the marketplace over the other or could otherwise significantly prejudice the business of the producing party if revealed to another party.  Information, materials, discovery responses, and/or transcripts designated by a producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are referred to herein as "Protected Materials."

4.     Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating

3

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

party must designate for protection only those parts of material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.     All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Materials shall also be considered Protected Materials and treated as such under this Protective Order.

6.     The protections conferred by this Protective Order do not cover the following information:  (a) any materials or information lawfully in the public domain at the time of disclosure or that become a part of the public domain after their disclosure, including becoming part of the public record through trial or otherwise; and/or (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

**[PROPOSED] PROTECTIVE ORDER**

7.     Documents that have been produced prior to the entry of this Protective Order that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," if any, shall be considered Protected Materials under this Protective Order.

8.     This Protective Order shall apply to a non-party who produces Protected Materials in the case to the same extent as it does to the parties.  In such a case, the non-party who produces Protected Materials in this litigation is considered to be a producing party and is protected under this Protective Order as though a signatory to it.  Such non-party may use the procedures set forth in this Protective Order to designate its Protected Materials.

9.     In the event that a party is required, by a valid discovery request, to produce a non-party's Proprietary Information in the party's possession, and the party is subject to an agreement with the non-party not to disclose the non-party's confidential information, then the party shall (1) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (2) promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the non-party.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Proprietary Information.

10.     The designation of Protected Materials shall be made by placing the following notation on the Protected Materials:

a.      "CONFIDENTIAL;" or

b.      "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

The above designations shall be affixed on the Protected Materials in the following manner:

a.      For documents (including, but not limited to, affidavits, declarations, written discovery responses, pleadings, and deposition testimony) the designation shall appear on each page of such document; or

b.      For tangible items, on the object or container thereof, or, if not practicable, as otherwise agreed by the parties.

11.     A party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL —OUTSIDE ATTORNEYS' EYES ONLY."

12.     No court reporter, videographer, or transcriber who reports or transcribes testimony in this action shall disclose Protected Materials to anyone, except pursuant to this Protective Order.  Counsel for a producing party may designate a deposition transcript, in whole or in part, under this Protective Order by stating on the record that it shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—OUTSIDE

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

ATTORNEYS' EYES ONLY."  If counsel for a producing party does not designate a deposition transcript under this Protective Order during the deposition, the deposition transcript shall nevertheless be treated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" for 30 days following receipt of the transcript, during which time the producing party may elect to designate all or part of the deposition transcript under this Protective Order.

13.    Except as provided for below, Protected Materials and any information contained therein shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Protective Order for purposes of the prosecution and defense of the above captioned litigation only, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided.  All produced Protected Materials and any information contained therein shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein. The party or parties receiving Protected Materials shall also take sufficient security measures to ensure the Protected Materials are secure and protected from inadvertent disclosure to unauthorized persons. Notwithstanding any other provisions of this Protective Order, however, nothing herein shall prohibit counsel or a party from disclosing a document containing information

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

designated CONFIDENTIAL, or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to any person who by indication within the document drafted, prepared, executed, or received the document.

14. Protected Materials designated "CONFIDENTIAL" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

a. Members and employees of outside counsel of record in this action whose duties and responsibilities require access to such materials;

b. In-house counsel for each party, and employees actually supporting such in-house counsel in the administration of this case, provided that such in-house counsel and employee(s) sign the Agreement attached hereto as Exhibit A;

c. Up to three corporate representatives of a party to this litigation who are actively engaged in assisting outside counsel of record with respect to this litigation, provided, however, that such corporate representative(s) shall be identified in writing to the opposing party prior to any disclosure of Protected Materials and the disclosure to any such person pursuant to this subpart is only after the person signs the Agreement attached hereto as Exhibit A;

d. Outside experts and consultants (collectively, referred to herein as "Experts") who are engaged or potentially engaged for the purposes of this action by a party and their support personnel, but only after signing the Agreement attached hereto as Exhibit A. For purposes of this Protective Order, an Expert shall be defined as a person who is neither an employee or consultant of a party nor anticipated to become an

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

employee or consultant in the near future, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this litigation by or at the direction of counsel for a party;

e.    Deposition witnesses during the course of a deposition, so long as at least that portion of the deposition transcript itself is designated with the same confidentiality designation as the materials and so long as such witness drafted, prepared, executed, or received the document before the deposition, or was employed by or acting on behalf of the producing party and each witness signs the Agreement attached hereto as Exhibit A;

f.    Court reporters and videographers taking testimony involving Protected Materials and their support personnel;

g.    Outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., jury consultants and research personnel, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

h.    Any person to whom the producing party agrees to provide a copy;

i.    The Court, jury, and Court personnel; and

j.    Any other person who is designated as a Qualified Person by order of the Court or by written agreement of the parties.

15.    Protected Materials designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" shall only be made available to members and employees of outside counsel identified in Paragraph 14.a, outside experts and consultants identified

**[PROPOSED] PROTECTIVE ORDER**
2099176v.1

in Paragraph 14.d but only after signing the Agreement attached hereto as Exhibit A, and persons identified in Paragraphs 14.f-j.   Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be made available to persons identified in Paragraphs 14.b, 14.c, or 14.e without the written consent of the producing party.   To the extent that disclosure of Protected Materials designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" to key principals of a receiving party is needed for the purpose of facilitating settlement discussions – including, for example, the disclosure of documents relating to sales revenue, litigation settlements, or licensing – prior to any disclosure, the parties shall meet and confer to discuss the conditions of such a disclosure and the producing party shall not unreasonably withhold written consent.

16.    Any Party or Non-Party may challenge a designation of confidentiality at any time.   A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.   A party challenging the designation (the "Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging to counsel for the party disclosing or producing the Protected Materials (the "Designating Party").   Pursuant to Local Rule 37-1, the dispute resolution conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else.   Unless relieved by written order of the Court upon good cause shown, the parties shall then attempt to resolve such dispute in good faith on an informal basis

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

within 10 days of the date of service of notice.  In conferring, the Designating Party must review the designated material and, if no change is offered, provide an explanation to the Challenging Party stating the basis for the chosen designation.

If the parties are unable to resolve their dispute informally, they shall formulate a written stipulation to be filed and served with the notice of motion.  The form of the stipulation shall accord with Local Rule 37-2.1.  The Designating Party shall file and serve a motion to retain confidentiality within 14 days of the initial notice of challenge or within 5 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within the time limits set forth above shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing do, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirement imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, the

11

**[PROPOSED] PROTECTIVE ORDER**

restricted status of such information will remain unless and until the Court rules and determines that such information is not entitled to its designated status.

If the parties want to file the Joint Stipulation required by Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

17.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must accompany such Protected Material with an application to file the papers – or the confidential portion thereof—under seal;  the application must show good cause for the under seal filing.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  If a party's request to file Protected Material under seal is denied by the Court, then the party may not file the Protected Material in the public record unless otherwise instructed by the Court.

18.   If the case proceeds to trial, all of the court-filed information that was designated as confidential and/or kept and maintained pursuant to the terms of the

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

protective order will become public and presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factually findings to proceed otherwise are made to the district judge in advance of trial.

19.    To the extent that Protected Materials or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony referring to the Protected Materials or information contained therein.

20.    Inadvertent and/or unintentional failure to designate qualified information or items as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Promptly upon learning of such inadvertent or unintentional failure to designate, the producing party shall notify the receiving party(ies) of the proper designation, at which time the receiving party shall treat all such information in accordance with any revised designations.

21.    Nothing in this Protective Order shall be construed as a waiver of the attorney-client privilege, the attorney work-product immunity, or any other applicable form of privilege or immunity, and noting in this Protective Order requires disclosure of such material.

22.    If a party learns that, by inadvertence or otherwise, it has disclosed Protected Materials other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall notify the Designating Party in writing and

13

**[PROPOSED] PROTECTIVE ORDER**

immediately make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Materials from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Materials in any form.   Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the Court.

23.   If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"   or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that party must: (1) promptly notify in writing the Designating Party and include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.   Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

24.   GOOD CAUSE STATEMENT-

This is an action between competitors.   Plaintiff seeks to obtain proprietary information from Defendant such as proprietary formulas for Defendant's product, source information for suppliers, customer lists, sales data, pricing data and confidential

**[PROPOSED] PROTECTIVE ORDER**

product studies, all of which have value to a competitor.   Although the subject product is no longer being sold, Defendant will be selling the product again in the near future using a formula that is approximately 75% the same as the prior formula.   Producing proprietary information regarding the original formula including, without limitation, costs from suppliers, the composition of the original formula, and source information for suppliers, will provide competitors with valuable information regarding what Defendant pays to produce its products and which sources Defendant uses to purchase the product's ingredients.   With such information, it will be quite simple for competitors to decipher the formula, know Defendant's costs, and replicate the new product.   Moreover, the existence of Defendant's relationships with its suppliers are valuable in-and-of themselves, and have been built on mutual trust that takes years to cultivate.   Defendant also intends on using much of the information being sought by Plaintiff for marketing other products.   Based on the above facts, good cause exists for this protective order.

25.   Within forty-five (45) calendar days of final termination of this action by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Protected Materials shall at the disclosing party's request take reasonable steps to return the Protected Materials to the counsel for the party or parties disclosing or producing the Protected Materials or certify that counsel and its client(s) have taken reasonable steps to destroy the Protected Materials.   Counsel of record may retain a copy of any pleading, transcript (e.g. deposition, hearing, or trial), or exhibit thereto filed with the Court or served on opposing counsel regardless of its confidentiality.   The party or

parties receiving the Protected Materials shall be entitled to keep their attorney work product which refers or relates to any Protected Materials.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any information contained therein.

26.    After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Protective Order following termination of this litigation.

27.    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

28.    This Protective Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by ways of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

///

///

///

///

**16**

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1

29.    Notwithstanding any other provision herein, nothing in this Order shall prevent any party from complying with any applicable governmental law, rule, or regulation.


SO ORDERED this the 3rd day of October, 2014

_____
Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE

**[PROPOSED] PROTECTIVE ORDER**

2099176v.1